ALTENBERND, Judge.
Michael Delano Scott appeals an order summarily denying his motion for postconvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
The state charged Mr. Scott with armed robbery and possession of a firearm by a convicted felon. At the hearing where Mr. Scott changed his plea to nolo contendere, the judge explained to his attorney: “All I can tell you, [counsel], is on a plea I’m inclined to remain within the recommended range.” After a brief discussion with his attorney, Mr. Scott agreed to the plea. When he asked the standard question whether anyone had promised Mr. Scott anything “at all” to convince him to enter this plea, the trial judge added: “Other than of course, I have said upon a plea, it’s my practice that I sentence within the recommended range of the sentencing guidelines.”
When the parties returned for the sentencing hearing about five weeks later, the record reflects that Mr. Scott’s attorney did not remind the trial judge of his “practice,” or argue for a maximum sentence within that practice. Instead, he requested a sentence in “the lower end of the permitted range followed by some probation.” The trial judge imposed 15 years’ incarceration for possession of a firearm by a convicted felon, and a concurrent term of 22 years’ incarceration, followed by life probation for the armed robbery. Immediately after the trial judge announced this sentence, Mr. Scott asked whether he could withdraw his plea, but his attorney never made a formal motion to withdraw the plea. His attorney did state that the trial judge had earlier indicated that he “normally” sentenced such cases within the recommended range, but he did not explain that the judge had described his “practice” as an exception to the standard question concerning promises. Despite the fact that no motion to withdraw was made at sentencing, on direct appeal Mr. Scott contended the trial court erred in refusing to allow him to withdraw the plea. In a written opinion, this court affirmed his judgment and sentence for robbery with a firearm without discussion of the merits and struck certain costs. See Scott v. State, 656 So.2d 568 (Fla. 2d DCA 1995).
In his postconviction motion, Mr. Scott alleges that he should be entitled to withdraw his plea because of ineffective assistance of counsel. We conclude that his allegations are facially sufficient grounds for relief, and that the trial court’s attachments do not conclusively refute those allegations. Neither the judgments and sentences nor the relevant scoresheet is attached to the order.
An issue of ineffective assistance of counsel exists in this case for two reasons. First, while it does not appear that the judge made a binding promise to sentence Mr. Scott within the recommended range, which allegedly would be no more than 17 years, the trial judge’s description of his “practice” in *339 the plea colloquy provided Mr. Scott’s attorney with a strong basis to argue for such a sentence. That argument simply was not made. Second, Mr. Scott’s attorney could have used the judge’s “practice” as a basis to move to withdraw the plea at the sentencing hearing when his client urged him to do so. We note that the sentence Mr. Scott received is the longest possible guidelines sentence. If the armed burglary were a life felony, rather than a first-degree felony punishable by life, this split sentence would actually exceed the maximum legal sentence. Walker v. State, 660 So.2d 332 (Fla. 2d DCA 1995). Accordingly, we reverse the order denying Mr. Scott’s motion and remand for an eviden-tiary hearing on the merits.
Reversed and remanded for further proceedings.
RYDER, A.C.J., and PARKER, J., concur.